```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```
MAE J. PORCELLI,

               Plaintiff,

vs.                           Case No.   2:05-cv-379-FtM-33DNF

RICHARD PORCELLI and CAROLYN
PORCELLI f/k/a Carolyn E. Michel,

               Defendants,
_____/

## ORDER

This matter comes before the Court pursuant to Defendants' Motion to Abate Proceedings (Doc. # 28), which was filed on November 4, 2005.

Plaintiff's response was due to be filed on or before November 25, 2005, and no such response has been filed. Accordingly, this Court approaches the instant motion as unopposed. See Local Rule 3.01(b), M.D. Fla.[1]

Defendants seek an order abating the instant action until such time as the appeal in Case No. 2D05-3871 is determined by the Second District Court of Appeal for the State of Florida. Defendants explain that the subject matter of the instant lawsuit, an interest in property, is also the subject of an appeal currently pending in the Second District Court of Appeal for the State of

---

[1] Local Rule 3.01(b), M.D. Fla., states in pertinent part: "Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested."

Florida. Defendants further state that the appeal is from an amended final judgment involving the same property and same parties as in the instant case, which was entered by the Charlotte County Circuit Court in Case No. 02-2257-CA.

Defendants state that they have spent approximately three and one-half years litigating the instant case in state court. Because Plaintiff is seeking the remedy of partition in the instant case, among other remedies, Defendants argue, "It is only through an abatement of this proceeding until such time as the appeal in Case No. 2D05-3871 is determined that Richard Porcelli's interests can be adequately protected, since the real property in which his interest was divested was and is unique and cannot be compensated through a damage claim if it is sold to a bona fide purchaser before the appeal is resolved." (Doc. # 28 at 2-3).[2]

Though Defendant seeks an "abatement," this court finds that a stay of the proceedings is the appropriate remedy.[3]

---

[2] Richard Porcelli was added as a Defendant in this action on November 15, 2005. (Doc. # 30).

[3] Black's Law Dictionary, 2 (7th ed. 1999) provides the following distinction between an abatement and a stay:

> Although the term "abatement" is sometimes used loosely as a substitute for "stay of proceedings," the two may be distinguished on several grounds. For example, when grounds for abatement of an action exist, the abatement of the action is a matter of right, but a stay is granted in the court's discretion. And in proper circumstances a court may stay a proceeding pending the outcome of another proceeding . . .

2

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigant." Landis v. N. Am. Co., 299 U.S. 248, 254-255 (1936).

This Court will accordingly stay the proceedings in the instant case pending the disposition of the appeal in Case No. 2D05-387 by the Second District Court of Appeal for the State of Florida. The parties are directed to file a status report with this Court every ninety (90) days. In addition, the parties are directed to file a notice with this Court forthwith upon receiving the order of the Second District Court of Appeal that resolves the appeal in question.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants' Motion to Abate Proceedings (Doc. # 28) is **GRANTED**.
2. The Clerk is directed to **STAY** this case.
3. The parties are directed to file a status report with this Court every ninety (90) days.
4. The parties are directed to file a notice with this Court upon

---

(quoting 1 Am. Jur. 2d Abatement, Survival, and Revival, § 3 (1994).

3

receiving the order of the Second District Court of Appeal that resolves the appeal in question.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 29th day of November, 2005.

                                            VIRGINIA M. HERNANDEZ COVINGTON
                                            UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record